UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE B. DUCKWORTH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:13-cv-02587-JCH |
| | ) |
| DOUGLAS J. PRUDDEN,[1] | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Willie Duckworth's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Petition, ECF No. 1.) Respondent has filed a Response (ECF No. 19), and the Petition is ready for disposition.

On December 14, 2010, Petitioner pled guilty to driving while intoxicated as a chronic offender, and was sentenced to eight years in prison. At the plea hearing, the trial court read the charge to Petitioner:

> In the amended information that's been filed here today, it has been charged by the state of Missouri that on or about July 30th, of 2009, at Floyd Street, in the county of Dunklin, state of Missouri, that you operated a motor vehicle while under the influence of alcohol. And, on or about the 12th day of April, 2006, you had pled guilty to driving while intoxicated…in Dunklin County Circuit Court. And, on or about the 24th day of May, 2004, you had pled guilty to driving while intoxicated…in Dunklin County Circuit Court. And, on or about the 14th day of August, 1996, you had pled guilty to driving while intoxicated in Dunklin County Circuit Court. And, on or about the 3rd day of February, of 1995, you pled guilty to driving while intoxicated in Dunklin County Circuit Court.

---

[1] At the time Petitioner filed the instant Petition, he was incarcerated at the Tipton Correctional Center in Tipton, Missouri. On March 23, 2016, Petitioner filed a document titled Change of Address, indicating that he is no longer incarcerated. However, because Petitioner filed his Petition while he was in the custody of the State of Missouri, and because he challenges his prior conviction, this Court has jurisdiction to entertain his Petition. *See Beets v. Iowa Dep't of Corr. Servs.*, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999).

1

(Resp. Ex. A at 11, 13, 18-19.) The trial court then engaged in the following colloquy with Petitioner:

> THE COURT: Now, do you understand this Class B felony charge of driving while intoxicated that I just read to you, sir?
> THE DEFENDANT: Yes, sir.
> THE COURT: And, is that the charge that you want to plead guilty to here today?
> THE DEFENDANT: Yes, sir.
> THE COURT: And, by pleading guilty to that charge, are you admitting to the Court you committed this act?
> THE DEFENDANT: Yes.
> THE COURT: And, by pleading guilty to that charge, are you telling the Court that you are in fact guilty of this crime?
> THE DEFENDANT: Yes, sir.

*Id.* at 19. The trial court found that Petitioner's plea was entered "freely and voluntarily and with a full understanding of [his] rights and of the consequences of th[e] plea" and not "as a result of force or threats or promises apart from the plea agreement," and that "there [wa]s a factual basis for the plea…" *Id.* at 22.

Petitioner did not directly appeal his sentence. In January 2011, Petitioner moved for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Petitioner was appointed counsel and thereafter filed an amended Rule 24.035 petition, which was denied. On July 11, 2013, the Missouri Court of Appeals affirmed the denial of post-conviction relief. (Petition at 1-3, 6; Resp. Exs. A, B, D.) In the instant Petition, Petitioner raises the following four grounds for relief:

> (1) that the trial court denied him due process by accepting his guilty plea when no factual basis for the plea was established;
>
> (2) that he did not enter his guilty plea voluntarily, knowingly, or intelligently because his retained plea counsel was ineffective and coerced him to plead guilty;
>
> (3) that his post-conviction counsel was ineffective;
>
> (4) that his court-appointed counsel was ineffective.

2

(Petition at 5-12.)

## DISCUSSION

I.  **Procedural Default:  Grounds 2 and 4**

In Ground 2 of his Petition, Petitioner asserts that that he did not enter his guilty plea voluntarily, knowingly, or intelligently because his retained plea counsel was ineffective and coerced him to plead guilty.  (Petition at 7.)  In Ground 4 of his Petition, Petitioner asserts that his court-appointed counsel, "Brice J. Donnelly," was also ineffective.  *Id.* at 10.

"Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules."  *Arnold v. Dormire*, 675 F.3d 1082, 1086-87 (8th Cir. 2012) (quotation and citation omitted).  "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default."  *Id.* at 1087 (quotation and citation omitted).

To avoid defaulting on a claim, a petitioner must have "fairly presented the substance of the claim to the state courts…thereby affording such courts fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim."  *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation and citation omitted).  "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition."  *Id.* at 1021 (quotations and citations omitted).  A section 2254 applicant's failure to raise a claim in state court results in procedural default.  *See Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009).

"When a habeas petitioner defaults his federal claims in state court…federal habeas review of his claims is barred unless he 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

3

consider the claims will result in a fundamental miscarriage of justice.'" *Morgan v. Javois*, 744 F.3d 535, 538 (8th Cir. 2013) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991)), *cert. denied*, 134 S. Ct. 1882 (2014). "Cause must be something external to the petitioner, something that cannot fairly be attributed to him." *Arnold*, 675 F.3d at 1087 (quotation and citations omitted). To establish actual prejudice, the petitioner "must show that the errors of which he complains 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To establish that a fundamental miscarriage of justice would result, the petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quotation and citation omitted).

Upon review of the record, the Court finds that Petitioner procedurally defaulted the claims in Grounds 2 and 4, as he did not raise any claim of ineffective assistance of counsel in the state courts in his amended Rule 24.035 petition or on appeal from the denial of post-conviction relief. In addition, he has not attempted to show cause for this default, and he has not made a properly supported claim of actual innocence.[2] *See Weeks v. Bowersox*, 119 F.3d 1342,

---

[2] Although Petitioner indicates in his Petition that he did not file any other post-conviction petitions in the state courts concerning his conviction, he also asserts therein that he presented the claims in Grounds 2 and 4 in a subsequent petition for writ of habeas corpus before the Circuit Court of Moniteau County, and on appeal before the Missouri Court of Appeals Western District. (ECF No. 1 at 3-5, 7-8, 10-11.) Even assuming Petitioner had properly raised his claims before the state courts, Petitioner cannot show that counsels' performances were constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 687-694 (1984) (to prevail on ineffective assistance claim, petitioner must show that counsel's performance was deficient, and that deficient performance prejudiced defense (i.e., there is reasonable probability that, but for counsel's professional errors, result of proceeding would have been different)). Here, the record demonstrates that Mr. Donnelly did not represent Petitioner at the plea hearing, and the plea transcript refutes Petitioner's allegations that plea counsel, Mr. Mann, among other things, coerced him to plead guilty, failed to negotiate a plea deal on his behalf, and promised

4

1352-53 (8th Cir. 1997) (quotation and citation omitted) (petitioner's "bare, conclusory assertion that he is actually innocent is not sufficient to invoke the [fundamental miscarriage of justice] exception"). Therefore, the Court cannot reach the merits of these claims.

## II. Grounds 1 and 3

### A. Ground 1

In Ground 1 of his Petition, Petitioner asserts that the trial court denied him due process by accepting his guilty plea when no factual basis for the plea was established. Petitioner presented this claim in his amended Rule 24.035 petition and on appeal, and the state courts considered the claim on the merits. (Resp. Exs. A, B, D.)

"In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under the AEDPA, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of

---

him he would receive probation in exchange for his guilty plea. *See Sansoucie v. Mesmer*, No. 4:12-CV-1531 (CEJ), 2015 WL 5157515, at *3 (E.D. Mo. Sep. 2, 2015) ("A claim of attorney coercion is properly rejected when contradicted by a defendant's statements made to the court under oath.")

facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted). If the state court's decision is not "contrary to" clearly established law, the remaining question is whether the state court's determination was "unreasonable." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012). This standard is "difficult to meet, and even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (quotation and citation omitted). "[A] state court's decision involves an unreasonable application of Supreme Court precedent when the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case, or either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Moore v. Purkett*, 275 F.3d 685, 688 (8th Cir. 2001) (quotations and citation omitted). "Federal habeas relief is warranted only when the refusal was objectively unreasonable, not when it was merely erroneous or incorrect." *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir. 2001) (quotation and citations omitted).

A state court's decision involves "an unreasonable determination of the facts in light of the evidence presented in the state court proceedings…only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004) (quotation and citations omitted). "[A] determination of a factual issue made by a State court shall be presumed to be correct," unless the petitioner rebuts the determination with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The presumption of correctness of findings of fact applies to the factual determinations made by a state court at

either the trial or appellate levels. *See Smulls v. Roper*, 535 F.3d 853, 864-65 (8th Cir. 2008) (en banc).

In his amended Rule 24.035 petition, Petitioner asserted that the trial court "did not establish the dates for which the prior driving while intoxicated ("DWI") offenses took place, the cause numbers assigned to the four cases, and if [Petitioner] was represented by counsel or had waived counsel in writing." (Resp. Ex. A at 50.) Petitioner further asserted that, "The state was allowed to use four prior pleas [of] guilty to charge [Petitioner] with the class B felony of driving while intoxicated as a chronic offender without presenting any evidence to prove he actually pled guilty in those cases." *Id.*

In denying Petitioner's claim, the motion court found that there was a sufficient factual basis for Petitioner's plea, reasoning as follows:

> At the time of the plea, the [trial court] read the charge to Defendant…which included the dates of the prior DWI findings of guilt, together with the jurisdiction in which those findings occurred…
>
> The [trial court] then inquired of Movant/Defendant whether he admitted those facts, to which the defendant acknowledged that he did…
>
> Missouri courts have long held that a guilty plea waives the requirement of evidentiary proof of all non-jurisdictional facts of a charge. *Berry v. State*, 214 S.W.3d 413 (Mo.App.2007) and *State v. Sexton*, 75 S.W.3d 304 (Mo.App. 2002). Further, it has been held that the particular details of prior DWI convictions necessary to enhance the felony DWI to a Chronic Offender level comes within this general provision. *See, e.g., Moore v. State*, 288 S.W.3d 810 (Mo.App.S.D.2009), a Dunklin County case where the same claim was made and denied by the trial court and affirmed by the Southern District…
>
> The Court finds that the trial court found a sufficient factual basis for Defendant/Movant's guilty plea, and that Movant's Motion fails to assert any claim upon which relief may be granted.

*Id.* at 56-58. The Missouri Court of Appeals upheld the motion court's denial of post-conviction relief. (Resp. Ex. D.)

As an initial matter, the Court finds that Petitioner's claim is not cognizable. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citations omitted). While a factual basis is required under Federal Rule of Criminal Procedure 11(b)(3) to support a guilty plea, this requirement "derives only from the Federal Rules of Criminal Procedure, and not from the Constitution." *Moore v. McGuire*, No. 4:09CV1342 RWS, 2012 WL 4479115, at *3 (E.D. Mo. July 16, 2012) (quotation and citation omitted). However, "[e]stablishment of a factual basis may be constitutionally required when the guilty plea is accompanied by claims of innocence." *Wabasha v. Solem*, 694 F.2d 155, 157 (8th Cir. 1982). Admissions made under oath during the guilty plea hearing provide an ample factual basis for a guilty plea. *See Cummings v. United States*, 831 F.2d 779, 781 (8th Cir. 1987); *see also United States v. Carr*, 271 F.3d 172, 179 (4th Cir. 2001) ("It is also settled that the judge may establish the factual basis for the guilty plea through questioning in open court, documents, or other evidence in the record.").

Here, the record reflects that Petitioner did not assert claims of innocence at any time during the plea hearing, but instead affirmed that he was in fact guilty of the crime charged, along with the prior convictions which rendered him a chronic offender. Thus, the claim in Ground 1 does not raise a constitutional claim and is not cognizable in this federal habeas matter. *See Moore*, 2012 WL 4479115, at *3.

Even if Petitioner's claim was cognizable, the Court would nevertheless find that Petitioner's claim lacks merit. "Determinations of state law by the Missouri Court of Appeals are binding." *Crump v. Caspari*, 116 F.3d 326, 327 (8th Cir. 1997) (citation omitted). Under Missouri law:

> A factual basis is established where the information or indictment clearly charges the defendant with all of the elements of the crime, the nature of the charge is explained to the defendant, and the defendant admits guilt.... Every element of a crime to which a defendant pleads guilty need not be explained as long as the defendant understands the nature of the charge.... Furthermore, as long as the basis exists on the record as a whole, the factual basis need not be established by the defendant's words or by an admission of the facts recited by the State.... If the guilty plea is made voluntarily and with understanding and is unequivocal as to the factual requisites necessary to establish each element of an offense, the plea itself forms a factual basis for the guilty plea.

*Fee v. State*, 283 S.W.3d 296, 298 (Mo. Ct. App. 2009) (citations omitted).

At the plea hearing, the trial court read the charge to Petitioner, which included the dates of the four prior DWI convictions, and Petitioner confirmed that he was guilty of the crime and that he was pleading guilty on his "own freewill." (Resp. Ex. A at 18-19, 21.) Based upon Petitioner's testimony, the trial court found that Petitioner had entered his guilty plea "freely and voluntarily and with a full understanding of [his] rights and the consequences of th[e] plea." *Id.* at 22. Thus, under Missouri law, Petitioner's guilty plea formed the factual basis for his plea as a chronic offender. *See Moore v. State*, 288 S.W.3d 810, 811-12 (Mo. Ct. App. 2009) (petitioner's knowing and voluntary guilty plea waived any need to better prove his prior convictions, and all other non-jurisdictional issues; person with four DWIs is chronic offender).

In view of the foregoing, the Court finds that the application of state law with regard to Petitioner's guilty plea was a reasonable application of, and was not contrary to, clearly established federal law. *See United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006) ("a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"). In addition, the state courts' decisions did not involve unreasonable determinations of fact. Therefore, Petitioner's claim in Ground 1 should be denied.

### B. Ground 3

In Ground 3 of his Petition, Petitioner asserts that he received ineffective assistance of post-conviction counsel. Petitioner specifically alleges as follows:

> Counsel would not file information that Petitioner ask of her in his amend motion. Petitioner requested counsel to visit with him because there were valueable informations we needed to discuss concerning Petitioner case that could not be discuss on phone or written on paper and she stated that she would but, never did. Counsel avoided phone calls and when we did speak, she stated that she was busy doing someone else motion as if Petitioner was not concern about his's. Petitioner had disagreements with counsel about a phone conference taking place instead of Petitioner evidentiary hearing. Counsel was not concern about Petitioner case taking nearly (two) years with negative result and stated her hands were tied as if someone had her neglecting my case. [sic].

(Petition at 8.)

Section 2254(i) states, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) (pursuant to § 2254(i) ineffective assistance of post-conviction counsel is not independent ground for relief); *Simpson v. Norris*, 490 F.3d 1029, 1033-34 (8th Cir. 2007) ("a state's decision to grant a right to counsel in post-conviction proceedings does not give rise to a due process claim if counsel performs deficiently.") Therefore, Petitioner's claim is not cognizable under section 2254 and should be denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Willie Duckworth's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and that his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Dated this   13th   Day of May, 2016.

/s/      Jean C. Hamilton      
UNITED STATES DISTRICT JUDGE